1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

HAEDYN-KHRIS RAQUEL BEAUMANN,

Plaintiff,

v.

SECURUS TECHNOLOGIES INC,

Defendant.

Case No. 2:22-cv-0147-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for May 27, 2022

11     This matter comes before the Court on plaintiff's motion for preliminary injunction

12   and temporary restraining order. Dkt. 6. For the reasons set forth below, the

13   undersigned recommends the Court deny plaintiff's motion. Dkt. 6.

14                    FACTUAL AND PROCEDURAL BACKGROUND

15     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that the

16   defendant has violated her First Amendment, Due Process and Equal Protection rights

17   by denying her family access to visit plaintiff by video. Dkt. 1-1. Plaintiff alleges that her

18   friends and family residing in Canada wish to visit plaintiff virtually via video. Dkt. 1-1 at

19   5. Plaintiff contends that defendant -- the alleged vendor contracted by the Department

20   of Corrections to manage video conferencing – will not allow plaintiff's friends and family

21   to create an account necessary to conduct a video visit because they do not have an

22   address in the United States. Dkt. 1-1 at 5. The complaint contends that defendant

23   requires an address in the United States to set up an account for video visits. Dkt. 1-1 at

24

25

REPORT AND RECOMMENDATION - 1

1  5. The complaint alleges that by "effectively banning Canadian visitors" defendant is

2  violating plaintiff's Constitutionally protected rights. Dkt. 1-1 at 5-9. Plaintiff's complaint

3  requests declaratory relief, monetary damages and injunctive relief ordering defendant

4  to allow people with Canadian residences to set up video visit accounts. Dkt. 1-1 at 9.

5      Plaintiff has filed a motion for preliminary injunction and temporary restraining

6  order requesting that the Court direct defendants to allow people living outside of the

7  United States to create video visitation accounts and enjoin the defendant from denying

8  video visitation access to plaintiff based on the visitor's country of residence. Dkt. 6

9                              DISCUSSION

10      Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v.*

11 *Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33 (1850)); *see*

12 *also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an

13 extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,*

14 *Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear

15 showing that the plaintiff is entitled to such relief." *Id.* at 22.

16      To obtain a preliminary injunction[1], a party must demonstrate that: (1) they are

17 likely to succeed on the merits; (2) they will likely suffer irreparable harm in the absence

18 of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is

19 in the public interest. *Winter*, 555 U.S. at 20. The moving party must make a showing on

20 all four factors to obtain a preliminary injunction. *A Woman's Friend Pregnancy Res.*

21

22

23

_____

[1] Temporary restraining orders are governed by the same standard as preliminary injunctions. *Stuhlbarg*
24  *Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

25

REPORT AND RECOMMENDATION - 2

1   *Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (citing to *Alliance for the Wild*

2   *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

3          Alternatively, in the Ninth Circuit, "a plaintiff may also obtain a preliminary

4   injunction by showing 'serious questions go[] to the merits' of its claims and a balance of

5   the hardships that tip "sharply" towards the plaintiff, so long as it makes a showing on

6   the other two factors." *A Woman's Friend*, 901 F.3d at 1167 (quoting *Alliance*, 632 F.3d

7   at 1135). However, a plaintiff may not obtain an injunction merely because an

8   irreparable injury is possible, the plaintiff must show that the irreparable injury is likely

9   absent preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559

10  F.3d 1046, 1052 (9th Cir. 2009).

11         Plaintiff has failed to establish a basis for the extraordinary remedy of injunctive

12  relief. Plaintiff has not established a serious question on the merits, or that the balance

13  of hardships tip toward her position. Additionally, plaintiff has not shown that she will

14  suffer irreparable injury in the absence of preliminary relief. Plaintiff alleges that absent

15  injunctive relief defendant will continue to deny plaintiff access to visits from her friends

16  and family. Prison inmates do not have a right to unfettered visitation. *Ky. Dep't of Corr.*

17  *v. Thompson*, 490 U.S. 454, 460 (1989); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.

18  1996). Similarly, "the Constitution does not require that detainees be allowed contact

19  visits when responsible, experienced administrators have determined, in their sound

20  discretion, that such visits will jeopardize the security of the facility." *Block v. Rutherford*,

21  468 U.S. 576, 589 (1984). Accordingly, plaintiff has not shown that she will be

22  irreparably harmed absent injunctive relief.

23

24

25

REPORT AND RECOMMENDATION - 3

CONCLUSION

Based on the foregoing, the Court should DENY plaintiff's motion for preliminary injunction and temporary restraining order. Dkt. 6.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on May 27, 2022, as noted in the caption.

Dated this 9th day of May, 2022.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4